MURRAY v. LESE et al.

(Supreme Court, Appellate Term. February 4, 1904.)

1. REPLEVIN—IDENTITY OF ARTICLES—EVIDENCE.
    Plaintiff sold chattels of the same kind to M. by two agreements, both providing that title should remain in plaintiff till paid for. The articles sold under the first contract were paid for. It called for 52 of the articles, to be delivered on defendants' premises. The second called for 48 of the articles, and did not specify where they were to be delivered. In replevin for 48 of the articles on defendants' premises, M., testifying for plaintiff, said that the articles sold by the second contract were placed in defendants' premises. He also said that the number "52" in the first contract was erroneous. Plaintiff, asked if the articles sued for were not sold under the first contract, said that they were not. *Held*, that defendants should have been allowed to further ask plaintiff in regard to the articles sold under the first agreement, to show, if he could, that they were those sued for.

2. SAME—PERSONS LIABLE.
    Where plaintiff sold chattels to M., with agreement that title should remain in plaintiff till paid for, and they came into L.'s lawful possession, he buying them of M., and using them in his building, which he sold before plaintiff brought replevin for the articles, he is not liable therein.

Appeal from City Court of New York, Trial Term.

Action by John A. Murray against Louis Lese and others. From a judgment on a verdict for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Anderson, Pendleton & Anderson, for appellant Strano.
Frederick Lese, for appellants Lese & Deutsch.
Edward Herrmann, for respondent.

GILDERSLEEVE, J.   The action was brought to replevin 48 ·
No. 3 washout combination closets and fittings, flush pipes, cisterns
complete, and all attachments, which at the commencement of the
action were in premises Nos. 336, 338, 340, and 342 East 113th
street.   The value of said chattels for which the plaintiff demanded
judgment in the alternative was $475.   It appears from the testimony
herein that defendants Lese and Deutsch were builders, and were
engaged in the construction of the premises above mentioned.   Prior
to the commencement of this action, Lese & Deutsch, who were the
owners of said premises, conveyed the same to the defendant Strano.
The judgment is against all the defendants, and they all appeal.   Marx
& Lang, who were engaged in the plumbing business, agreed with the
said Lese & Deutsch to furnish certain washout combination closets
and fittings, of the character above described, for the premises above
mentioned.   The plaintiff, John A. Murray, was a dealer in plumbing
materials; and the said Marx & Lang, it appears, were in the habit of
purchasing plumbing supplies from said Murray.   In order to carry out
their agreement with Lese & Deutsch, the said Marx & Lang made, as
plaintiff claims, two purchases from said Murray of materials for
washout combination closets.   Each purchase was under a written
agreement, by which it was provided that title to the chattels should
not pass until they had been fully paid for.   One agreement is dated
March 3, 1901, but was not filed until August 14, 1901.   It is a con-
ditional sale by Murray to Marx & Lang of "52 No. 3 washout com-
bination closets and fittings, flush pipes, cistern complete," for $520,
which chattels, under the terms of the agreement, were to be deliv-
ered at premises on 113th street, between 1st and 2d avenues, be-
longing at that time to Lese & Deutsch, the defendants herein.   The
other agreement is dated June 7, 1901, and was filed on June 8,
1901, and is a conditional sale by Murray to Marx & Lang of "48
No. 3 washout combination closets and fittings, flush pipes, cistern
complete," for $475.   This last agreement does not specify where
the chattels were to be delivered, but it appears from the testimony
of Marx, when called as a witness for the plaintiff, that these chat-
tels were placed in the premises Nos. 336, 338, 340, and 342 East
113th street, which still belonged to Lese & Deutsch, and which they
subsequently conveyed, as we have seen, to the defendant Strano.
This action was brought to recover the chattels sold and delivered
under the above-quoted agreement of June 7, 1901, or, in default
thereof, the sum of $475, alleged to be the value of said chattels.   It
will be observed, therefore, that the description of the chattels and
the place of delivery in the two agreements are identical, except that
the one of March 3, 1901, calls for "52" closets, while that of June 7,
1901, calls for "48" closets.   Marx, when on the stand as a witness
for the plaintiff, is shown the March agreement, and admits that he
signed it, and says that the number "52 is a typewritten error."   He
also admits that he used 52 closets in the East 113th street houses

of Lese & Deutsch, but says that only 48 were furnished by plaintiff, and that the remaining 4 were delivered by "another firm:" The defendants Lese & Deutsch alleged as a defense that on August 13, 1901, they paid said Marx & Lang in full for said materials, with the knowledge and consent of plaintiff, and that subsequently, upon their conveying the premises to the defendant Strano, these chattels passed, with the said premises, out of their possession and control, into that of said Strano.

When plaintiff was on his direct examination, he was asked by his counsel:

"Q. How was the $500 mentioned in defendants' Exhibit D [the agreement of March 3, 1901] paid to you? A. I believe, in the shape of a note from Lese, and that was this note, defendants' Exhibit C."

The said Exhibit C is a note dated August 13, 1901, made by Lese & Deutsch in favor of Marx & Lang, payable one month after date, and indorsed by Marx & Lang over to the plaintiff, Murray; and it is marked: "Received payment. Bank of America."

By reason of the pleadings and the testimony adduced, an issue was raised as to the identity of the chattels sought to be recovered in the action. If the chattels described in the complaint as being in the premises in East 113th street were not the plumbers' materials purchased under the agreement of June 7, 1901, but were materials of like character purchased under the agreement of March 3, 1901, then the plaintiff failed to maintain his cause of action as alleged.

At the conclusion of the entire case, the court below directed a verdict in favor of the plaintiff upon the ground that the case presented no issue of fact, but purely questions of law.

The defendants' counsel produced from the register's office the said agreement of March 3, 1901, and showed it to the plaintiff upon his cross-examination, and asked him if it was not the agreement under which the said chattels which are the subject-matter of this action were sold. The plaintiff replied:

"Defendants' Exhibit D for identification [the agreement of March 3, 1901] is not the agreement under which these chattels [the chattels in question] were sold."

Plaintiff was then asked:

"Q. What chattels did this agreement refer to? (Objected to, as the agreement speaks for itself. Objection sustained. Exception taken by defendants.) Q. I call your attention, Mr. Murray, to the fact that this agreement calls for chattels, 52 No. 3 washout closets and fittings, and so on, to be delivered to the premises on 113th street between 1st and 2d avenues, N. Y. City, belonging to Lese & Deutsch; and I ask you whether, as matter of fact, those chattels were not delivered there to 113th street? (Objected to as immaterial, irrelevant, and incompetent. Objection sustained. Exception taken by defendants.)"

The defendants' counsel sought to probe the peculiar similarity between the chattels sold and the place of delivery under the two agreements, but was not permitted to do so. The court admitted said agreement of March 3, 1901, in evidence, on condition that it was subsequently connected. But in deciding the case the court referred to this item of evidence as follows:

"Indeed, there is no evidence to show that the chattels were sold under the last-mentioned bill of sale [the March agreement]. This bill of sale was ad-

mitted in evidence only upon the promise to connect it later, which promise was not fulfilled."

It will thus be seen. that the defendants did not have the benefit of this item of testimony. As plaintiff himself admits in response to his own counsel, the chattels mentioned in the agreement of March 3, 1901, had been paid for by a note, which is marked "Defts' Ex. C," in the evidence, and which has been described above. If, therefore, the chattels in suit were sold under the March bill of sale, the plaintiff's action must, as we have already said, fall. Inquiry of the plaintiff concerning the identity of the goods covered by this bill of sale was of great importance and materiality. The defendants' counsel should have been permitted to inquire into the facts concerning this agreement, in order to bring out evidence tending to show, if possible, that the chattels were identical and had been paid for, and thus raise a question of fact for submission to the jury. The plaintiff testified that the chattels in question were not sold under the March agreement, and defendants should have been allowed to show, if possible, that this statement was not true. We think that the exclusion of this testimony was an essential error that calls for a reversal of the judgment.

Moreover, we must hold that, as to Lese & Deutsch, the complaint should have been dismissed. No matter under which of the two bills of sale the chattels came into their possession, it does not appear to have been an unlawful possession, and they parted with the same before the commencement of this action. It is not alleged in the complaint, nor was it proved upon the trial, that they wrongfully detained the chattels.

The judgment and order must be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.